960 So.2d 906 (2007)
Gregory Troy ANDERSON, a/k/a James Cobb, Doc # 514103, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-149.
District Court of Appeal of Florida, Second District.
July 20, 2007.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Gregory Troy Anderson appeals several convictions and the sentences entered thereon. He was charged with three offenses and, pursuant to a plea agreement, entered a guilty plea to two of the three offensescriminal mischief and culpable negligence. The State entered a nolle prosequi on the remaining count for which Anderson was chargedthrowing a deadly missile at, within, or into a building. We affirm Anderson's convictions and sentences for criminal mischief and culpable negligence. However, because the corrected written judgment can be read to include an adjudication of guilt on the charge of throwing a deadly missile, we reverse and remand for correction of the judgment.
Anderson did not enter a guilty plea to the charge of throwing a deadly missile. The plea portion of the one-page form judgment and sentence, however, lists the three counts for which Anderson was charged and indicates that Anderson entered a guilty plea without specifying that Anderson's plea was limited to counts two and three (the charges for criminal mischief and culpable negligence). The corrected written judgment then adjudicates Anderson guilty of "said charge," again without limiting the adjudication to counts *907 two and three only. Although the sentencing portion of the corrected judgment and sentence adequately indicates that Anderson was sentenced on counts two and three only, it does not rectify the erroneous adjudication of guilt on the charge to which Anderson did not enter a plea. The judgment, including the plea provision, must be corrected to reflect that Anderson entered his plea and was adjudicated guilty on counts two and three only.
Accordingly, we reverse the written adjudication to the extent it indicates a conviction for throwing a deadly missile and remand for the entry of a corrected judgment that clearly reflects that Anderson neither entered a plea nor was adjudicated on the charge of throwing a deadly missile. We affirm Anderson's convictions and sentences in all other respects.
Affirmed in part, reversed in part, and remanded with directions.
DAVIS and VILLANTI, JJ., Concur.